## Solomon J. Smith v. John McEvoy.

1. LEASES—*Evidence Tending to Vary the Terms of, Inadmissible.*— In a suit between a landlord and his tenant, evidence which tends to vary the terms of the written lease or contract between them is inadmissible.

Assumpsit, on an account between a landlord and his tenant. Appeal from the Circuit Court of Ogle County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed November 15, 1901.

O'BRIEN & McHENRY, attorneys for appellant.

FRANC BACON, attorney for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This was an appeal from a judgment in a suit upon an open account brought by McEvoy against Smith. McEvoy was a tenant of Smith's. The premises rented were farm lands in Ogle county.

Among other items in the account of McEvoy against Smith and for which judgment was rendered were charges for corn and oats, used by McEvoy, the tenant, for seed upon the demised premises, and also a charge for cash expended or assumed by Smith for threshing the small grain grown upon the farm during his tenancy.

The defendant, who is the appellant here, objected to the testimony in relation to these items. The objections were all overruled and exceptions duly taken.

The ruling of the Circuit Court upon the admission of this testimony is assigned for error. It is claimed that it was inadmissible because it tended to vary the terms of the written contract or lease between the parties.

The lease provided that McEvoy was to pay Smith as rent for the premises one-half of all grain raised on the farm, to be delivered by McEvoy to Smith at Davis Junction, Illinois; and that McEvoy should farm the premises with good husbandry, in due time and season, at his cost and charge.

The foregoing are all the provisions of the lease which are material to the issues in this case.

Under the lease it was the duty of McEvoy to furnish the seed grains and pay for the threshing.

The objections to the testimony should have been sustained. Its admission was error.

The judgment of the trial court must therefore be reversed and the cause remanded.